IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| XL INSURANCE AMERICA, INC.<br>As subrogee of<br>SOUTHERN RESEARCH<br>INSTITUTE, INC.<br><br>Plaintiff,<br><br>v.<br><br>KALKREUTH ROOFING AND<br>SHEET METAL, INC.<br><br>Defendant | Case No.: 1:17-cv-00384-ELH |
| KALKREUTH ROOFING AND<br>SHEET METAL, INC.<br><br>Third-party Plaintiff,<br><br>v.<br><br>ARCHITECTURE, INC. et al.<br><br>Third-party Defendants | |

**AMENDED CERTIFICATE OF MICHAEL J. PURTELL, P.E.**
(FILED PURSUANT TO MD. ANNO. CODE, Cts. & J. P. §3-2C-01, *et seq.*)

Pursuant to Md. Ann. Code, Cts. & Jud. P. §3-2C-01, *et seq.*, I HEREBY CERTIFY that I am a registered licensed Professional Engineer in the State of Maryland, with extensive education, training, and over thirty years of experience in the field of mechanical engineering and plumbing engineering design in connection with residential, commercial, institutional, and government development and construction for various building types.

1

I FURTHER CERTIFY that:

A. I have reviewed the Complaint, Third-Party Complaint and Amended Third-party Complaint filed in the above-captioned matter, as well as documents and records produced thus far in the litigation as identified on Schedule A hereto, namely, plans and designs prepared by Architecture, Inc. ("Architecture"), Rathgeber/Goss Associates, P.C. ("Rathgeber/Goss") and Allen + Shariff Corporation /or Allen & Shariff Engineering, LLC (collectively "A&S") (collectively as the "Third-party Defendants") pertaining to renovations performed at the building located at 431 Aviation Way, Frederick, Maryland which is the "Building" that is the subject of this litigation;

B. I have reviewed the applicable building codes set forth and identified in the materials prepared by the Third-party Defendants and as identified on Schedule A hereto; and

C. I was present at one or more inspections of the Building after the structural collapse that occurred on September 29, 2015.

Based upon my background, education, training, experience and review of the materials provided to date, it is my opinion, to a reasonable degree of engineering certainty or probability, that the Third-party Defendants in this matter:

1) Violated the standard of professional care by failing to notice and report an obvious and potentially dangerous condition which existed on the existing roof of the Building, which was in violation of industry standard practice as well as building and plumbing codes enforced at the time; namely, that a tall parapet with no provision for secondary or overflow drainage existed and could cause substantial flooding and ponding on the roof and potentially cause catastrophic failure;

2) As a result of #1 above, failed to check the adequacy of the existing primary roof drainage system for conveying rain water from the roof based on codes enforced at the time and thus did

not discover one of the existing primary roof drains was not properly sized to meet the current or previous versions of the plumbing code based on a horizontal offset;

3) As a result of #1, also failed to coordinate with each other and to check the structural design to support the maximum ponding that could occur, assuming all primary drains were blocked, as required by the building code enforced at the time;

4) Further, failed to investigate and determine individually and collectively, whether the existing structure of the Building was sufficient to withstand the combined weight of a) maximum ponding that could occur (as stated above) and b) the dead and/or live load of the mechanical, electrical and plumbing equipment and additional dunnage steel, so as to avoid a potentially catastrophic failure of the Building's structural members; and

5) Violated the standard of care as to COMAR 09.23.03.01 of the Code of Ethics by failing to "make every reasonable effort to protect the safety, health, property, and welfare of the public".

Based upon these considerations and my education, training, and experience, it is my professional opinion and within a reasonable degree of engineering certainty or probability, that as the licensed professionals responsible for the designs referenced and identified in Section A, above, and Schedule A, attached hereto, namely, Daniel Shewbridge, AIA of Architecture, Inc., Michael Goss, P.E., of Rathgeber/Goss and Warren Isaac, P.E, Craig Johnson, C.I.P.E., John Stellpflug, P.E., and Shawn Ruehl, P.E. of A&S, as the licensed professionals responsible for the ongoing architectural and engineering services provided with respect to the Building since 2004, were negligent and did not satisfy the applicable standard(s) of care required of practicing architects and licensed professional engineers in the State of Maryland; and as a result, such negligence was a proximate cause of damages which are at issue in the instant matter.

_____
Michael J. Purtell, PE

**Certificate of Qualified Expert Michael J Purtell, P.E. CPD**
**Schedule A –** *Updated November 6, 2018*
*XL Insurance America, Inc. v. Kalkreuth Roofing and Sheet Metal, Inc.*
*Kalkreuth Roofing and Sheet Metal, Inc. v. Architecture Inc., et al.*
USDC Case No. 1:17-cv-00384

1. Second Amended Complaint

2. Amended Third-Party Complaint

3. Allen & Shariff Corporation Answer to Third-Party Complaint

4. 1990-1992 SRI Drawings, Original Buildout (Martin Reddy Architects, Cagley and Associates, R. Petrossian and Associates; Morgan Keller, Inc. General Contractor, RW Warner, Mechanical Contractor); 1992 As-Builts (produced by Morgan Keller, Inc.)

5. 1997-1998 SRI Drawings, 2nd Floor Offices and Labs, BSL-3 Renovation, Central Plant Building (Architecture, Inc., S3E, Inc., Rathgeber/Goss Associates)

6. 2005 SRI Drawings, Miscellaneous/HVAC Renovations (Daniel Shewbridge, AIA, Architecture, Inc.; Warren Isaac, P.E., Allen & Shariff; Michael Goss, PE, Rathgeber/Goss Associates)

7. 2005 SRI Project Emails between Dan Shewbridge, Ronald Dainton and/or Michael Goss (emails produced by Architecture, Inc.)

8. 2004-2006 Proposals from Allen & Shariff to Southern Research Institute and/or Architecture, Inc. for HVAC Evaluation and Miscellaneous Renovations

9. Documents produced by R.W. Warner, including HVAC specifications for 2005 Project mechanical equipment (AHU 1A, 1B, 2, 4 and 5)

10. Documents produced by Daikin Industries (2005 mechanical equipment order)

11. 2008-2010 SRI Project Drawings, BSL3 Upgrades (Daniel Shewbridge, Architecture, Inc.; Michael Goss, P.E., Rathgeber/Goss Associates; Warren Isaac, P.E., Allen and Shariff)

12. January, 2010 Structural Sketches and Calculations prepared by Mincin Patel Milano, Inc. for Starkey Construction, Inc.

13. A&S Answers to Interrogatories propounded by KRSM

14. Rathgeber/Goss Answers to Interrogatories propounded by KRSM

15. Architecture, Inc. Answers to Interrogatories propounded by KRSM

16. XL Answers to Interrogatories propounded by KRSM, Architecture, Inc.

17. KRSM Answers to Interrogatories

18. KRSM Production: 1996 and 2011 Proposals for roof work at SRI, Firestone roof warranty dated June 2, 2011

19. KRSM Production: 2011 photographs of SRI

20. SRI Site Inspection photos (post-collapse) produced by SRI, Halliwell, KRSM

21. March 20, 2018 Drain Inspection Photos

22. Documents produced by XL (PLTF1-265)

23. Halliwell Engineering Associates' Report, prepared by Mark Zajac, dated March 9, 2018

    Halliwell File (PLTF 266-1564), including Adtek Drawings 2015 SRI (PLTF 266-291)

    Varco Pruden (PLTF 321-323)

    HAVTECH Submittals (2005)(PLTF 306-307)

24. Jim D. Koontz & Associates, Inc. Roof Inspection Report, February 23, 2018, and exhibits

    PLTF 1565-1683 (Koontz & Zajac photos)

25. Daily Rainfall Total Analysis from September 21-29, 2015 for 431 Aviation Way, prepared by Anthony Johnson

26. List of Design Professionals (PLTF 1832-1837)

27. 1987 BOCA Code

28. State Plumbing Code, 1984

29. NSPC 1996; 1997 IPC; 2006 IPC; 2006 NSPC

30. J .D. Koontz & Associates Rebuttal Report dated May 2, 2018

31. Third-Party Defendant Allen & Shariff Corporation Expert Disclosures & Reports

32. Third-Party Defendant Architecture, Inc. Expert Disclosures & Reports

33. Third-Party Defendant Rathgeber/Goss Expert Disclosures & Reports